BLD-421                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3355
_____

IN RE: VAUGHN BENNETT,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 12, 2013

Before:  HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: October 18, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner Vaughn Bennett, an immigration detainee now held in the York County

jail, seeks relief from his state criminal conviction through a mandamus petition.  For the

reasons that follow, we will deny the petition.

        Bennett, a lawful permanent resident, asserts in his petition that, in 2007, he

pleaded *nolo contendere* in the Northampton County Court of Common Pleas to a state

felony controlled substance violation, see 35 Pa. Cons. Stat. Ann. § 780-113(a)(3).  He

claims that he was not advised by his counsel that his conviction for a drug trafficking

offense would have deportation consequences, and therefore his plea was not knowing and voluntary. Bennett seeks relief from his state criminal judgment on the basis that counsel rendered constitutionally ineffective assistance in advising him to plead guilty, see Padilla v. Kentucky, 130 S. Ct. 1473 (U.S. 2010).

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (quoting Will v. United States, 389 U.S. 90, 95 n.2 (1967)).

Bennett does not allege an action or omission by a United States District Court within this circuit over which we might exercise our authority by way of mandamus. Cf. United States v. Christian, 660 F.2d 892, 895 (3d Cir. 1981) (focal question for federal appellate court is whether action of District Court impedes appellate jurisdiction granted in some other provision of law). He does not allege an action or omission by a federal officer, employee, or agency over which a United States District Court would have mandamus jurisdiction. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Accordingly, exercise of our mandamus jurisdiction in his favor would not be proper.

In any event, Bennett has other adequate means to obtain relief from his drug trafficking conviction.  Cf. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (mandamus petitioner must show, among other things, that he has no other adequate means to obtain the relief desired).  Bennett may pursue his constitutional claim of ineffective assistance of counsel on the basis of Padilla through a petition filed in the Northampton County Court of Common Pleas under the state Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541 et seq., and, if his petition is denied, he may appeal to the Pennsylvania Superior Court.

For the foregoing reasons, we will deny the petition for writ of mandamus.